IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DESINTY COLEMAN, INDIVIDUALLY § | | |
| AND AS NEXT FRIEND OF § | | |
| R. C., A MINOR § | | |
| § | | |
| V. § | | CASE NO. 2:22-CV-119 |
| § | | |
| UNITED PARCEL SERVICE, INC. § | | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Destiny Coleman, Individually and as Next Friend of R.C., a Minor, complaining of and about Defendant United Parcel Service, Inc. and for such causes of action would respectfully show the Court as follows:

### A.  PARTIES

1.  Plaintiff, Destiny Coleman is an injured individual residing in Smith County, Texas.

2.  Plaintiff, R. C., a Minor, is an injured individual residing in Smith County, Texas.

3.  Defendant United Parcel Service, Inc. ("Defendant") is a limited liability company formed under the law of the State of Georgia. U.P.S. may be served with process by and through it registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA or wherever said agent may be found.

### B. JURISDICTION & VENUE

4.  This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and this action is between businesses or individual citizens of different states. All of the corporate defendants have engaged in intentional and systematic contact with the State of Texas.

5. Venue is proper in this district under the provision of 28 U.S.C. § 1391 (d) because the Defendant is a corporation, and has sufficient contacts in the Marshall Division of the Eastern District of Texas.

## C.  CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## D.  RESPONDEAT SUPERIOR

7. Whenever it is alleged in this complaint that a Defendant did any act or thing, it is meant that Defendant's agents, servants, employees, parent agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done, it was done with the authorization of Defendant or was done in the normal routine course of the agency or employment of Defendant.

8. In addition to the other counts herein, the incident made the basis of Plaintiffs' lawsuit was proximately caused by the negligence of Defendant through its employees and authorized agents.

## E.  FACTS

9. This case arises out of a tractor-trailer wreck that occurred on or about November 1, 2021. Plaintiffs were traveling west bound in the inside lane of the 2700 block of West Grande Boulevard, Tyler, Smith County, Texas. Defendant U.P.S.'s employee Delton Howland (hereinafter "U.P.S. employee") in a vehicle rented by U.P.S. was attempting to cross an intersection from a north bound side street, 6300 Oak Hill, across W. Grande Boulevard. The U.P.S. employee disregarded the stop sign, failed to pay attention, failed to yield the right of way,

and proceeded into the path of Plaintiffs, causing the collision. The investigating officer placed 100% fault on U.P.S. employee for this wreck. As a result of this collision, Plaintiffs suffered physical injuries and damages.

### F.  NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT

10. Defendant owed a duty to Plaintiff and all other drivers to operate the vehicle owned by Defendant in a reasonably prudent manner.  U.P.S. employee Delton Howland breached his duty by failing to be aware of his surroundings and failing to yield right of way. That breach led proximately and directly to Plaintiffs' injuries complained of herein. Defendant U.P.S.' employee was in the course and scope of his duties with Defendant when this event occurred.

11. Defendant breached its duty of care in the following way

    a. Failing to keep a proper lookout;

    b. Failing to yield right of way;

    c. Disregarding a stop sign;

    d. Driver inattention;

    e. Reekless driving;

    f. Negligent operation of a motor vehicle; and

    g. Negligent control over a motor vehicle.

Additional acts and omissions by Defendant U.P.S. employee, may be presented at the time of trial.

12. Each and all of the above acts and omissions, singularly or in combination with others, constituted negligence and /or negligence per se, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.  Defendant committed violations of statutory law, which include but are not limited to the following:

  a.  Tex. Transp. Code § 544.007; disregarding a stop sign;

  b.  Tex. Transp. Code § 545.15l(a)(l)(A); operator approaching an intersection shall stop and yield in obedience to an official traffic control device;

  c.  Tex. Transp. ode § 545.152; vehicle turning left at an intersection shall yield the right- of-way; and

  d.  Tex. Transp. Code § 545.401; reckless driving.

### G.  NEGLIGENT ENTRUSTMENT, HIRING, TRAINING, RETENTION, AND SUPERVISION OF DEFENDANT U.P.S.

13. Defendant entrusted its vehicle to its employee for use on public roads and in furtherance of Defendant's business.

14. Defendant U.P.S.' employee, is known to be a reckless and incompetent driver and had previous motor vehicle accidents and traffic tickets. Defendant knew or should have known of its employee's incompetence. Defendant failed to do a proper background search and/or call previous employers.

15. Defendant could have reasonably anticipated that entrusting its vehicles to employees would result in harm to the public on the roadways. Defendant's knowledge of its employee's incompetence - or in the alternative - Defendant's failure to diligently search and inquire as to how its employee's incompetence - proximately caused harm to Plaintiffs as complained of below.

16. Further, based on the above, Defendant had a duty to hire, supervise, train, and retain its employees in a competent manner consistent with the actions of a reasonably prudent company. Defendant was aware that prior to the accident which injured Plaintiffs, Defendant U.P.S.' employee, Delton Howland had already had an accident that same day which rendered his vehicle inoperable, and yet they allowed him to obtain another vehicle and continue driving. Defendant breached this duty through the following actions:

    a.    Failing to check the credentials, training, work history, and criminal history of employees;

    b.    Failing to train employees with the best practice of the industry;

    c.    Failing to terminate employees after discovering behavior and/or facts indicating that employees were not competent to operate a commercial vehicle; and

    d.    Other actions that will be brought forth through discovery and trial.

17.    These failures of Defendant were the proximate cause and cause in fact of Plaintiffs' injuries, complained of below.

### H.  GROSS NEGLIGENCE

18.    The negligent acts and omissions on the part of Defendant U.P.S. as set forth above, were more than momentary thoughtlessness, inadvertence, or error of judgment. The negligent acts and omissions of Defendant U.P.S. constituted such an entire want of case as to establish that they were the result of conscious indifference to the rights, welfare, or safety of the persons affected by them in the future.

19.    Alternatively, the Plaintiffs' injuries and damages resulted from an act or omission of Defendant which, when viewed objectively from the standpoint of Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and of which Defendant had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare to others. Such gross negligence proximately resulted in the injuries sustained by Plaintiffs, as set forth herein, and on the basis of such gross negligence.

20.    based on the facts stated herein, Plaintiffs request exemplary damages be awarded.

## I.  DAMAGES

21. As a direct and proximate result of the negligent conduct of Defendant as alleged above, Plaintiffs sustained bodily injuries and damage.  Plaintiffs' damages include but are not limited to the following:

    a. Physical pain in the past and future;

    b. Mental anguish in the past and future;

    c. Physical impairment in the past and future; and

    d. Medical expense in the past and future.

22. As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered injuries to their bodies. By reason of the foregoing damages, Plaintiffs have been damaged far in excess of the minimum jurisdictional limits of the Court.

## J. JURY DEMAND

23. Plaintiffs demand a jury trial and tender the appropriate fee with this complaint.

## K. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Destiny Coleman, Individually and as Next Friend of R. C., a Minor, pray that Defendant United Parcel Services, Inc. be duly cited to appear and answer this Complaint and that upon final hearing, Plaintiffs recover as follows:

    1. Actual damages;

    2. Exemplary damages;

    3. Pre-judgment and post-judgment interest as provided by law;

    4. Costs of Court; and

    5. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

By: */s/ Benjamin T. Bonner*
 BENJAMIN T. BONNER
 State Bar No. 24096171
 BOYD BOYD & GIDDENS
 1215 Pruitt Place
 Tyler, Texas 75703
 903/526-9000
 903/526-9001 (Fax)
 bbonner@boydlawtexas.com

**ATTORNEY FOR PLAINTIFFS**